559 F.2d 1219
 77-2 USTC P 9577
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eph H. Hoover, Jr. and Lucinda Hoover, Plaintiff-Appellants
v.
United States of America, Defendant-Appellee.
 No. 76-1197.
 United States Court of Appeals, Sixth Circuit.
 July 27, 1977.
 
 Before WEICK, PECK and ENGEL, Circuit Judges.
 
 Order
 
 1
 Taxpayers appeal a judgment denying their claim for $259,135.80 in an income tax refund suit. Although the jury had returned a verdict in the taxpayers' favor, the district court granted a judgment notwithstanding the verdict upon motion of the United States.
 
 
 2
 The taxpayers contended that certain monies paid by Eph Hoover in 1966 to John L. Burns, Inc., which he indirectly owned, constituted a bad business debt under Section 166 of the Internal Revenue Code and were therefore fully deductible against ordinary income. The government, on the other hand, took the position that the bad debts were not incurred in the taxpayer's trade or business and should have been treated as a short-term capital loss subject to the restrictions imposed on such losses by Section 166(d)(1)(B).
 
 
 3
 By a special interrogatory the jury was asked to decide by a preponderance of the evidence whether Mr. Hoover's dominant motivation in signing certain indemnity agreements, which resulted in his ultimate liability, was to protect his salary and status as an employee rather than to protect his interest as a stockholder. The jury answered affirmatively. The parties and the court agreed that this was the appropriate test under United States v. Generes [72-1 USTC p 9259], 405 U.S. 93 (1972), to determine if an obligation of a noncorporate taxpayer is a business or non-business debt.
 
 
 4
 The proofs, viewed most favorably to the plaintiffs, Fortner Enterprises, Inc. v. United States Steel Corp., 452 F.2d 1095 (6th Cir.1971), cert. denied, 406 U.S. 919 (1972), demonstrate such an overwhelming disparity between the approximate value of the taxpayer's investment in his interrelated corporations, including John L. Burns, Inc., and his net annual salary therefrom, as to leave no reasonable conclusion other than that his dominant motivation in making the payment was to protect his substantial shareholder investment. Hoover's testimony to the contrary, like that of the taxpayer in United States v. Generes, supra, 405 U.S. at 106, was obviously self-serving and does not survive close analysis. The court notes especially his sworn testimony during a prior case in the United States Tax Court, which was introduced during the trial:
 
 
 5
 Q. Why couldn't you have just let John L. Burns go down the drain, so to speak, and set yourself up another sales company if you thought you should have another sales company and do it cheaper than you wound up having to do it and did it?
 
 
 6
 A. It cost us roughly $600,000 as it did go, and it would have cost roughly that much to set another up, to answer your question. But the main thing was the fact that we had to preserve our bonding ability. (Emphasis added.)
 
 
 7
 Q. Bonding for whom?
 
 
 8
 A. For Hot-Mix and Hoover and our general name in the trade, paying our bills, to be able to get, like we said to get others to take our prices when we go to a letting or be able to secure bonds from the bonding company.
 
 
 9
 While it is true that taxpayer Eph Hoover did devote his entire working hours to the contracting business and was therefore more actively involved than the taxpayer in Generes, the court finds this distinction was insufficient to call for a different result. Accordingly, the trial court did not err in concluding as a matter of law that "reasonable minds could not ascribe, on the record in this case, a dominant motivation directed to the preservation of 'plaintiff's salaries'." See Generes, supra, 405 U.S. at 107. Accordingly,
 
 
 10
 IT IS ORDERED that the judgment of the district court be and it is hereby affirmed.